WHEELER *v.* DEPARTMENT OF CONSERVATION.

WORKMEN'S COMPENSATION—INJURY ARISING OUT OF AND IN COURSE OF EMPLOYMENT—TELEVISION REPAIR—ELECTROCUTION.
    Conservation department's district game supervisor whose duties included preparation of, and participation in, television programs and viewing the efforts of others in such activity and whose death from electrocution occurred while he was repairing or improving the installation of a television receiving set in department's cottage at game reserve where he was assigned living quarters, suffered death which arose out of and in the course of his employment, notwithstanding the set was, in part, for the separate benefit of himself and family (CLS 1956, § 412.1).

Appeal from Workmen's Compensation Appeal Board. Submitted October 18, 1957. (Docket No.

REFERENCES FOR POINTS IN HEADNOTES
58 Am Jur, Workmen's Compensation §§ 210-212.

90, Calendar No. 47,226.) Decided December 24, 1957.

Jeanne Wheeler, widow of James Wheeler, presented her claim against the State Department of Conservation, employer, and State Accident Fund, insurer, for compensation because of husband's death by electrocution at game preserve residence. From award to widow and minor children, defendants appeal. Affirmed.

*Glassen, Parr & Rhead* (*H. W. Glassen* and *Louis E. Wirbel,* of counsel), for plaintiff.

*Harry F. Briggs* and *Peter Munroe,* for defendants.

BLACK, J. James Wheeler, former district game supervisor of the defendant department of conservation, was accidentally electrocuted August 9, 1955. December 6, 1956, Mr. Wheeler's dependent widow and minor children received an award of compensation—under the workmen's compensation act—on finding by the appeal board that such death arose out of and in the course of his employment by the defendant department. February 28, 1957, it having been represented that the appeal board's finding collided with rules set forth in *Daniel* v. *Murray Corporation of America,* 326 Mich 1; *Hickman* v. *City of Detroit,* 326 Mich 547; *Meehan* v. *Marion Manor Apartments,* 305 Mich 262, and kindred cases, we granted application of the defendant employer and its insurer for leave to review such award.

The appeal board found, on strength of supporting evidence and legitimate inference therefrom, that Mr. Wheeler (and family) was required by the employing department of conservation to live in a cottage provided by the department on the State-

owned Pointe Mouillee game reserve (mouth of Huron river on Lake Erie); that his assigned work included study of, preparation for and (at times) personal participation in televised educational and recreational programs of the department of conservation plus others of like nature; that he was responsible to the department of conservation "for maintenance of the buildings in the Pointe Mouillee game area including the house in which he lived;" that he was "on duty and subject to call 24 hours per day;" that television programs having to do with conservation "were an integral and important part of the department's educational and public relations program," and that the duty to watch and remain "up" on such programs constituted an essential part of Mr. Wheeler's duties. The board went on to observe, in the form of ultimate conclusions of fact:

"The fatal injury arose out of and in the course of employment on the following 2 separate and distinct bases: (1) It was necessary that decedent have and use a television receiving set in order to properly and fully perform his regular duties of employment and he was engaged in installation work concerning same at the time of injury, and (2) Maintenance of the employer's premises, including his own residence, was decedent's responsibilty and he was engaged in an act of maintenance when the injury occurred."

We turn now to the circumstances of Mr. Wheeler's death. He had been assigned to the Pointe Mouillee reserve but a short time prior to tragedy. The predecessor game supervisor, Merrill Petoskey, had attached a conventional television mast with antenna to the chimney of the cottage. When he departed for new assignment Petoskey left the connecting wire hanging outside the cottage as far as the floor level, from which point it was extended inside the house and on the floor to the television

receiver.   Wheeler wished to have such connecting wire removed from the floor and installed on the underside of the floor joists.   To that end, and during the fatal evening, he entered a crawl space (under the cottage floor) by means of a trap door providing access thereto.   After having proceeded a short distance in the crawl space he encountered an electrically charged metal furnace duct and, the ground beneath the crawl space being damp, came to his death in such manner.   On subsequent examination of the crawl space a witness found live wires—not television connecting wire—hanging and exposed near the point where Mr. Wheeler was electrocuted. He also found evidence that such wires had been in contact with the mentioned furnace duct.

Did Mr. Wheeler's death arise out of and in the course of his employment?   We find no occasion for review of the authorities cited by defendants.   Our decisions construing section 1 of part 2 of the workmen's compensation act (CL 1948, § 412.1; CLS 1956, § 412.1 [Stat Ann 1950 Rev § 17.151; Stat Ann 1955 Cum Supp § 17.151]) have undergone epochal changes since this application for leave to appeal was granted (*Krist* v. *Krist House Moving Company, Inc.,* 348 Mich 230; *Sheppard* v. *Michigan National Bank,* 348 Mich 577; *Freiborg* v. *Chrysler Corporation,* 350 Mich 104; *Dyer* v. *Sears, Roebuck & Company,* 350 Mich 92) and Mr. JUSTICE SMITH's exhaustive dissent in *Salmon* v. *Bagley Laundry Co.,* 344 Mich 471, 475, has now been elevated to the status of recognized authority.   In the latter opinion our Brother quoted with approval, from a later and obviously better considered decision of the supreme court of Massachusetts (*Kubera's Case,* 320 Mass 419, 420 [69 NE2d 673]), a broad and comprehensive rule we adopt as presently decisive (page 491 of report of *Salmon*):

. "An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects."

In undertaking to provide a better and more serviceable installation of television facilities in the department's isolated cottage this "resident employee"* was performing for his employer a service which was incident to and in furtherance of the general task to which he had been assigned. The appeal board was consequently entitled to find, on the proof as presented, that Mr. Wheeler's death arose in the course and out of his employment. That the act of repairing or improving installation of the television set was, in part, for the separate benefit of himself and family is of no moment. The combination of an employee's responsibility to his employer for keeping in visual touch with televised programs addressed to conservation, and understandable desire of such employee to afford his family the known benefits of home television, makes up a clear case for application of the rule that where an employee is injured while performing a service for the employer as well as for himself the injury arises in the course and out of the employment (*Geibig* v. *Asphalt Construction Co.*, 238 Mich 560).

Affirmed.

SMITH, EDWARDS, and VOELKER, JJ., concurred with BLACK, J.

CARR, J. (*concurring*). The material question at issue in this case is whether the injury resulting in the death of James Wheeler arose out of and in the course of his employment. On the hearing before the referee testimony was received from which an

___

* 1 Larson's Workmen's Compensation Law, § 24, p 372.

inference may be drawn that Mr. Wheeler, at the time of his death, was attempting to adjust certain television wires in connection with his employment, and, also, for the benefit of himself and family. On the record before us it may not be said that either purpose was paramount.

The situation presented fairly comes within the rule recognized in *Anderson* v. *Kroger Grocery & Baking Company,* 326 Mich 429. There defendant's employee, as found by the workmen's compensation commission, was, at the time of the accident in which he was injured, engaged in a twofold purpose. The testimony indicated that his mission involved not only a private purpose but also the performance of an act within the scope of his employment. The conclusion is warranted that a like situation existed in the case now before us, thus justifying the conclusion of the appeal board that the electrocution of Mr. Wheeler arose out of and in the course of his employment. Under the rule in the *Anderson Case* the fact that he was promoting also a private purpose did not alter the situation.

The statute (CL 1948, § 413.12 [Stat Ann 1950 Rev § 17.186]) provides that the findings of fact made by the compensation commission (now the appeal board), acting within the scope of its powers, "shall, in the absence of fraud, be conclusive." There being testimony to support the finding made, this Court may not on appeal change the result. *Shaw* v. *General Motors Corporation,* 320 Mich 338; *Hooks* v. *Wayne County Road Commissioners,* 345 Mich 384.

The award is affirmed.

DETHMERS, C. J., and SHARPE, and KELLY, JJ., concurred with CARR, J.