TURNER *v.* CONSUMERS POWER COMPANY.

DECISION OF THE COURT.

1. WORKMEN'S COMPENSATION—FINDINGS OF APPEAL BOARD—EVIDENCE—EMPLOYEE WORKING AT HOME.

Finding of workmen's compensation appeal board that there was no necessity for plaintiff's decedent to do any work at home, and that defendant employer neither expected nor authorized him to do so, being supported by the record, precludes the Supreme Court from substituting its judgment of the facts for that of the appeal board in proceeding arising from claim for death when the employee was struck by a train while en route from home to office after a prolonged noon hour and after having worked on some papers at home (CL 1948, § 413.12).

2. SAME—FATAL INJURY EN ROUTE FROM NOON REST PERIOD AT HOME —QUESTIONS REVIEWABLE.

Argument that decedent's fatal injury arose out of and in the course of his employment because it occurred while he was re-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 220.
[2] 58 Am Jur, Workmen's Compensation § 527.
[3] 58 Am Jur, Workmen's Compensation § 530.

turning to his office from his home where he went regularly each noon to rest pursuant to an arrangement with his employer, thereby enabling the latter to utilize the services of a valuable employee whose services otherwise would have been lost to it, advanced shortly before oral argument in Supreme Court *held*, too late for consideration.

### SEPARATE OPINION.
### BLACK, J.

3. WORKMEN'S COMPENSATION—FINDING OF APPEAL BOARD—EVIDENCE —DEATH EN ROUTE FROM HOME TO OFFICE.

*Finding of workmen's compensation appeal board that death of plaintiff's decedent, killed by train while en route from home to office after prolonged noon hour including a rest period was not due to a hazard of the employment, being supported by evidence, is not disturbed (CL 1948, § 413.12).*

Appeal from Workmen's Compensation Appeal Board. Submitted May 13, 1965. (Calendar No. 31, Docket No. 50,852.) Decided July 13, 1965. Rehearing denied October 5, 1965.

Claim by Bessie H. Turner, widow of Russell Turner, deceased, against Consumers Power Company for dependency compensation benefits. Award denied. Plaintiff appeals. Affirmed.

*Kelly, Kelly & Kelly (Phillip C. Kelly,* of counsel), for plaintiff.

*W. E. Wisner,* for defendant.

*Amicus Curiae:*
*Marcus, McCroskey, Libner, Reamon, Williams & Dilley (Benjamin Marcus* and *Vernon D. Kortering,* of counsel).

SOURIS, J. Plaintiff, widow of a deceased employee of defendant, Consumers Power Company, takes this appeal by leave granted from an order of

the workmen's compensation appeal board affirming an order of the hearing referee denying to plaintiff dependency compensation benefits.

Decedent had been employed by defendant for 35 years and at the time of his death held the salaried position of general gas meter supervisor. As the result of an illness in 1956 decedent was unable to work for several months. Even after he resumed work, his physical condition was such that he went from his office to his home to rest at lunch time for a period varying from one to three hours, after which he would return to the office. Plaintiff offered evidence that defendant acquiesced in this practice and continued decedent on full salary as it had done throughout his illness.

At about noon on October 19, 1961, according to plaintiff, decedent returned home from his office and rested and also worked on some papers he had brought from the office. He left home about 2 p. m. to attend a meeting at his office and while driving there was struck by a train and killed.

Plaintiff's briefs to the appeal board and to this Court argued that because decedent had taken work home on the day of his death, which plaintiff claimed was his common practice known and acquiesced in by his employer, his death while returning to the office arose "out of and in the course of his employment"[1] and so was a compensable event. Plaintiff relied upon cases like *Wheeler* v. *Department of Conservation* (1957), 350 Mich 590, which held an injury might be considered as arising out of and in the course of employment when it was incurred in the performance of "a service which was incident to and in furtherance of the general task to which [the employee] had been assigned" even though performance of the service also benefited the employee. 350

---

[1] CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151).

Mich 590, 594. In *Wheeler* and like cases the service had been expressly or impliedly authorized by the employer. In this case of Turner, however, the appeal board found as a fact that there was no necessity for decedent to do any work at home, and further that defendant employer neither expected nor authorized him to do so. This finding has record support and, that being so, we are precluded from substituting our judgment of the facts for that of the appeal board.[2] *Coates* v. *Continental Motors Corporation* (1964), 373 Mich 461.

In the brief submitted to this Court by the *amicus curiae,* the argument is made that decedent's fatal injury arose "out of and in the course of his employment" because it occurred while decedent was returning to his office from his home where he went regularly each noon to rest pursuant to an arrangement between decedent and his employer. *Amicus* argues that the employer, by permitting decedent to follow this regimen, was enabled to continue to utilize the services of a valuable employee whose services otherwise would have been lost to it.

The theory advanced by *amicus,* and adopted during oral argument to this Court by plaintiff-appellant, comes too late in the adjudicatory process. Had it been advanced during proceedings before the department, it cannot be doubted seriously that at least defendant, and probably plaintiff as well, would have offered additional evidence relating to the alleged arrangement between decedent and his employer, and particularly relating to the employer's purpose in entering into such an arrangement. Instead, however, the case was tried to the referee and appealed to the appeal board and to this Court on the theory that plaintiff was entitled to benefits

---

[2] See, also, CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186).— REPORTER.

because decedent had been performing work for his employer at home from which he was returning to his office when fatally injured. Neither the referee nor the appeal board considered the theory belatedly advanced by *amicus* just two weeks before oral argument to this Court. On this record, neither may we.

Affirmed. Costs may be taxed.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, SMITH, O'HARA, and ADAMS, JJ., concurred with SOURIS, J.

BLACK, J. (*concurring*). *Baas* v. *Society for Christian Instruction,* 371 Mich 622, proves again that Mark Antony was right when he said that the evil men do lives after them, and that the good they do is "oft interred with their bones."[1] *Baas* was handed down December 2, 1963, just before a crucial vote left the Court.[2] Yet it is controlling precedent now, for the appeal board below at least, and foretells what is due indefinitely for all "twofold purpose" cases.[3]

The appeal board wrote, for this case of Turner:

"While this matter has been pending before us our Supreme Court, in a 5–3 decision, reversed an award of compensation to a school teacher who was seriously injured while on her way to school. See *Baas* v. *Society for Christian Instruction,* 371 Mich 622. The majority held that the decision in *Murphy* v. *Flint Board of Education,* 314 Mich 226, another school teacher case, was controlling of the issue before it. Justice BLACK wrote not only a vigorous dissent but followed up with a supplemental opinion

---

[1] Shakespeare, Julius Caesar, Act 3, scene 2.—REPORTER.
[2] Rehearing of *Baas* was denied shortly after by vote of an equally divided court. 371 Mich at 655.
[3] See 371 Mich 637–655.—REPORTER.

of like tenor. The majority and the dissenting opinions do not separate on the fact that in either the *Murphy Case, supra,* or the *Baas Case* there was a lack of knowledge or expectation of performance of duties at home but rather upon the question as to whether the traveling done by these plaintiffs truly was a hazard of the employment.

"In the matter before us it appears that there is not even a starting point of necessity, expectation or authorization, prerequisites, we believe, to an inference that the traveling back to the office might be considered an incident to and part of deceased's employment."

In *Baas* the appeal board found—with fair record support—all facts requisite to recovery by claimant Irene Baas under the aforesaid "twofold purpose" rule. The board was reversed for reasons attested separately by Justices CARR, DETHMERS and KELLY, and for reasons given separately by Justices O'HARA and SMITH. Now, manifestly obedient to *Baas,* the appeal board has found—again with fair record support—facts sufficient to authorize denial of recovery by the widow Turner, another claimant under such "twofold purpose" rule.

If affirmance is due here, so was it due in *Baas.* Since I believe in upholding the appeal board when "there is any evidence to support the award" (quotation from *Meyers* v. *Michigan C. R. Co.,* 199 Mich 134, 137), my vote to affirm this case of Turner is cast along with another vote; a vote of commiseration for the members of an administrative board who are bound to follow submissively a decision like *Baas* v. *Society for Christian Education, supra.*