## SPEARS v CITY OF HAZEL PARK

Docket No. 70474. Submitted October 17, 1983, at Detroit.—Decided
January 3, 1984. Leave to appeal granted, 419 Mich —.

Henry Spears was a fire fighter for the City of Hazel Park when
he suffered a heart attack. He applied for a duty-related disabil-
ity pension, which was denied. He was subsequently granted a
nonduty-related disability pension, which was provided for by
city ordinance. Spears filed a claim for workers' compensation,
relying upon a statutory presumption which deems respiratory
or heart diseases incurred by a policeman or fireman while in
active service to have arisen out of the course of employment in
the absence of evidence to the contrary. He also claimed below
that his nonduty pension did not constitute "like benefits",
such that he would be compelled to elect between the pension
and workers' compensation. The Workers' Compensation Ap-
peal Board ruled that he was not entitled to the presumption
that his heart disease was work-related because he qualified for
a city pension. Spears appealed. *Held:*

The provision of the Worker's Disability Compensation Act
which creates the presumption that heart and respiratory
diseases contracted by policemen and fire fighters while in the
active service of their departments are compensable personal
injuries where the worker has applied for pension benefits and
it has been determined that no pension benefits shall be
awarded should be construed to limit recovery for such injury
only where the pension benefits constitute like benefits.
Spears's pension does not constitute like benefits as a matter of
law because they are based on a city ordinance rather than a
charter provision.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146.

[2] 73 Am Jur 2d, Statutes § 145.

[3] 73 Am Jur 2d, Statutes, § 213.
Supreme Court's application of the rules of ejusdem generis and
noscitur a sociis. 46 L Ed 2d 879.

[4] 60 Am Jur 2d, Pensions and Retirement Funds § 56.
81 Am Jur 2d, Workmen's Compensation § 180.
82 Am Jur 2d, Workmen's Compensation §§ 296, 300, 303.

1. STATUTES — JUDICIAL CONSTRUCTION.

The fundamental goal of statutory construction is to identify and give effect to the intent of the Legislature; the language of the statute is the best source for ascertaining the Legislature's intent; thus, if a statute is unambiguous on its face it is to be enforced as written, and courts should avoid further interpretation or construction of its terms.

2. STATUTES — JUDICIAL CONSTRUCTION.

Courts are to construe statutes so as to enforce the intent of the Legislature; the spirit and purpose of the statute should prevail over its strict letter.

3. STATUTES — JUDICIAL CONSTRUCTION.

A statute is to be read in its entirety and, if possible, all sections of the statute are to be harmonized to create a consistent whole.

4. WORKERS' COMPENSATION — HEART DISEASE — RESPIRATORY DISEASE — PENSION BENEFITS — JUDICIAL CONSTRUCTION.

The provision of the Worker's Disability Compensation Act which creates the presumption that heart and respiratory diseases contracted by policemen and fire fighters while in the active service of their departments are compensable personal injuries where the worker has applied for pension benefits and it has been determined that no pension benefits shall be awarded should be construed to limit operation of the presumption only where the pension benefits constitute like benefits (MCL 418.405; MSA 17.237[405]).

*Sam W. Thomas, P.C.* (by *E. R. Whinham*), for plaintiff.

*Myron B. Charfoos, P.C.* (by *Myron B. Charfoos*), for defendant.

Before: V. J. BRENNAN, P.J., and CYNAR and C. W. SIMON, JR.,* JJ.

PER CURIAM. On December 17, 1980, the Workers' Compensation Appeal Board (WCAB) issued an order affirming a hearing referee's denial of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

compensation benefits to plaintiff. This Court denied plaintiff's application for leave to appeal, but the Supreme Court remanded for consideration as on leave granted, 417 Mich 940 (1983).

Plaintiff was employed as a fireman with defendant City of Hazel Park. On October 14, 1973, plaintiff suffered an acute myocardial infarction while on a fishing trip. His last day of work had been October 12, 1973. In the wake of his heart attack, plaintiff applied for a duty-related disability pension; his request was rejected by defendant city's pension board on June 24, 1974. Plaintiff subsequently was granted a nonduty disability pension.

Plaintiff brought a workers' compensation claim, relying in part upon a statutory presumption set forth in MCL 418.405(2); MSA 17.237(405)(2), which deems respiratory or heart diseases incurred by a policeman or fireman while in active service to have arisen out of the course of employment in the absence of evidence to the contrary. Plaintiff also claimed below that his nonduty pension did not constitute "like benefits", such that he would be compelled to elect between the pension and workers' compensation pursuant to MCL 418.161; MSA 17.237(161).

Affirming the denial of benefits by the hearing referee, the WCAB ruled that plaintiff was not entitled to the statutory presumption because he had qualified for a pension from the city. MCL 418.405(3); MSA 17.237(405)(3). In the absence of that presumption, and upon consideration of the proofs submitted, the WCAB concluded that plaintiff's heart attack was not related to his employment and was hence noncompensable. Having disposed of the case in this fashion, the board did not reach the question of whether the nonduty pension

constituted "like benefits" under the election provision of MCL 418.161; MSA 17.237(161).

At issue in this appeal is the proper interpretation of MCL 418.405; MSA 17.237(405), which provides:

"(1) In the case of a member of a full paid fire department of an airport run by a county road commission in counties of 1,000,000 population or more or by a state university or college or of a full paid fire or police department of a city, township, or incorporated village employed and compensated upon a full-time basis, a county sheriff and the deputies of the county sheriff, members of the state police, conservation officers, and motor carrier inspectors of the Michigan public service commission, 'personal injury' shall be construed to include respiratory and heart diseases or illnesses resulting therefrom which develop or manifest themsleves during a period while the member of the department is in the active service of the department and result from the performance of duties for the department.

"(2) Such respiratory and heart diseases or illnesses resulting therefrom are deemed to arise out of and in the course of employment in the absence of evidence to the contrary.

"(3) As a condition precedent to filing an application for benefits, the claimant, if he or she is one of those enumerated in subsection (1), shall first make application for, and do all things necessary to qualify for *any pension benefits which he or she, or his or her decedent, may be entitled to. If a final determination is made that pension benefits shall not be awarded, then the presumption of 'personal injury' as provided in this section shall apply.* The employer or employee may request 2 copies of the determination denying pension benefits, 1 copy of which may be filed with the bureau." (Emphasis supplied.)

Defendant maintains that the phrase "any pension benefits" in subsection (3) of the statute means precisely what it says; if this is so the

WCAB properly declined to apply the subsection (2) presumption based upon plaintiff's nonduty disability pension. Plaintiff contends that the phrase "any pension benefits" must be construed restrictively in light of the following provision, which is found in § 161, governing employees covered by the worker's compensation act:

"Police officers, fire fighters, or employees of the police or fire departments, or their dependents, in municipalities or villages of this state having charter provisions prescribing like benefits, may waive the provisions of this act and accept like benefits that are prescribed in the charter but shall not be entitled to like benefits from both their local charter and this act."

If §§ 405 and 161 are considered together, plaintiff argues, the subsection 405(2) presumption would be deemed operative unless the claimant applied for and received like benefits prescribed by charter.

The fundamental goal of statutory construction is to identify and give effect to the intent of the Legislature. *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 400 Mich 184; 253 NW2d 646 (1977). The language of the statute is the best source for ascertaining the Legislature's intent. *Espinoza v Bowerman-Halifax Funeral Home,* 121 Mich App 432, 436; 328 NW2d 657 (1982), *lv den* 417 Mich 1017 (1983). Thus, if a statute is unambiguous on its face it is to be enforced as written, and courts should avoid further interpretation or construction of its terms. *Dussia v Monroe County Employees Retirement System,* 386 Mich 244, 249; 191 NW2d 307 (1971); *Detroit v Redford Twp,* 253 Mich 453; 235 NW 217 (1931).

The language of subsection 405(3), standing

alone, is completely unambiguous. It plainly requires the claimant to apply for "any pension benefits" which the claimant may be entitled to, and conditions operation of the presumption upon final determination that such benefits are not to be awarded. However, the rule that facially unambiguous passages of a statute are to be enforced without further inquiry is not absolute. Because legislative intent has. primacy, the spirit and purpose of the statute should prevail over its strict letter. *Nash v Detroit Automobile Inter-Ins Exchange,* 120 Mich App 568, 571; 327 NW2d 521 (1982), *lv den* 417 Mich 1088 (1983). In this case we discern a conflict between the intent of § 405 and the facially unambiguous language of subsection 405(3).

The purpose of MCL 418.405; MSA 17.237(405) was set forth by this Court in *Schave v Dep't of State Police,* 58 Mich App 178, 184; 227 NW2d 278 (1975), *lv den* 394 Mich 765 (1975):

"There is little doubt that the Legislature, in enacting this statute, made the determination that policemen and firemen were particularly vulnerable to respiratory and heart diseases, and that medical learning was insufficient to ascribe causes to these diseases. The obvious legislative intent was to afford compensation to policemen and firemen suffering from respiratory and heart diseases in that very limited situation where no doctor was able to diagnose etiology."

There is no doubt that subsection 405(3) imposes some limit upon the operation of the work-related disability presumption. However, a literal reading of this subsection would deny the presumption to a successful applicant for *any* pension benefit, including presumably a nondisability-related retirement pension, regardless of the adequacy or legal enforceability of the benefits. We do not believe

that the purpose of the presumption is compatible with such a broad restriction upon its operation. In concluding that the phrase "any pension benefits" should be narrowly defined to effectuate the statutory purpose, we are influenced by the accepted notion that the WDCA is remedial in nature and should be construed in a liberal and humanitarian manner in favor of the employee. *Bower v Whitehall Leather Co,* 412 Mich 172, 191; 312 NW2d 640 (1981); *Fuchs v General Motors Corp,* 118 Mich App 547; 325 NW2d 489 (1982), *lv den* 417 Mich 1077 (1983).

In determining the precise meaning of the phrase "any pension benefits" we look first to the purpose of the subsection 405(3) limitation provision. This Court has previously determined that the subsection was intended to prevent the recovery of both disability pension and workers' compensation benefits for the same disability. *Teddy v Dep't of State Police,* 102 Mich App 412, 419; 301 NW2d 876 (1980); *Schave, supra,* p 183. This leads us to a comparative consideration of the benefits election provision of MCL 418.161; MSA 17.237(161), because that provision has a similar purpose.

At this point in our analysis, another rule of statutory construction comes into play. Statutes must be read in their entirety and, if possible, all sections are to be harmonized to create a consistent whole. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956); *Bannan v Saginaw,* 120 Mich App 307; 328 NW2d 35 (1982).

Significantly, the § 161 election provision is quite narrow; it merely provides that policemen and fire fighters may not receive both workers' compensation benefits and "like benefits" from a charter-

based pension program. This means that such an employee may collect both compensation benefits *and* dissimilar pension benefits for the same disability. *Teddy, supra.* Because the § 161 election provision and subsection 405(3) both concern double recovery of benefits by police officers and fire fighters, and hence are *in pari materia,* we construe them together. We believe the two provisions may best be harmonzied by construing the phrase "any pension benefits" in subsection 405(3) as the equivalent of "like benefits" as that term is used in § 161.

Since the WCAB did not reach the question of whether plaintiff's nonduty disability pension constituted "like benefits", a remand for such determination would normally be in order. See *MacKay v Port Huron,* 288 Mich 129; 284 NW 671 (1939). In this case, however, we may decide that plaintiff's benefits were not "like benefits" as a matter of law because they were not provided by charter. We agree with the opinion of Justice WILLIAMS in *Vasser v Muskegon,* 415 Mich 308; 329 NW2d 690 (1982), that pension benefits must be charter-based in order to qualify as "like benefits" as that term is used in MCL 418.161; MSA 17.237(161). See also *Bannan, supra,* p 322, and p 327 (MARTIN, J., *concurring).*

Since plaintiff did not qualify for like benefits, he should have been afforded the presumption provided in MCL 418.405; MSA 17.237(405). We remand to the WCAB for a new hearing at which the presumption shall be applied.

Reversed. No costs.