BALLENGER v CAHALAN

ATTORNEY GENERAL v BALLENGER

Docket Nos. 87455, 87456. Submitted September 16, 1985, at Lansing.
—Decided September 20, 1985. Leave to appeal denied, 422
Mich 965, 974.

William S. Ballenger, III, was appointed by Governor William G.
Milliken as Racing Commissioner on September 24, 1982, for a
four-year term beginning September 24, 1982, and expiring
September 23, 1986. In 1984, Governor James J. Blanchard
requested from Attorney General Frank J. Kelley an opinion as
to when Mr. Ballenger's term as Racing Commissioner expired.
The Attorney General issued an opinion on November 21, 1984,
concluding that Mr. Ballenger's term of office would expire on
December 31, 1984. On August 26, 1985, Governor Blanchard
appointed William L. Cahalan as Racing Commissioner for a
term beginning September 1, 1985, and ending December 31,
1988. On August 27, 1985, Mr. Ballenger requested the Attor-
ney General to file a complaint for quo warranto in the Court
of Appeals to determine who was the rightful occupant of the
Office of Racing Commissioner after September 1, 1985. With-
out waiting for a response from the Attorney General, Mr.
Ballenger at the same time filed in the Court of Appeals a
complaint for quo warranto naming as defendants the Gover-
nor of Michigan and Mr. Cahalan. Mr. Ballenger also filed a
motion for a preliminary injunction, to enjoin Mr. Cahalan
from taking office, and a motion for immediate consideration.
The Attorney General filed answers in opposition to the com-

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Quo Warranto §§ 1 et seq.
Private person not claiming office, right to maintain quo warranto
proceedings to test title to or existence of public office. 51 ALR2d
1306.

[2, 5] Am Jur 2d, Public Officers and Employees §§ 154-169.
See the annotations in the ALR3d/4th Quick Index under Public
Officers and Employees.

[3] Am Jur 2d, Public Officers and Employees §§ 135-146.
Binding effect upon state courts of opinion of United States Su-
preme Court supported by less than a majority of all its members.
65 ALR3d 504.

[4] Am Jur 2d, Statutes §§ 142 et seq.

plaint and motions. Mr. Ballenger's complaint was docketed as No. 87057. On September 3, 1985, the Attorney General filed a complaint for quo warranto and a motion for immediate consideration, naming Mr. Ballenger as a party defendant. The Attorney General's complaint was docketed as No. 87190. Mr. Ballenger filed answers in opposition to the complaint and motion and filed a motion to consolidate the two cases. On September 9, 1985, the Court of Appeals issued an order in Docket No. 87057 which granted immediate consideration, dismissed the complaint for quo warranto for lack of standing and denied the motion for a preliminary injunction. On the same date, the Court of Appeals issued an order in Docket No. 87190, granting immediate consideration and, by peremptory order, granting the complaint for quo warranto, holding that Mr. Ballenger's term of office as Racing Commissioner expired on December 31, 1984, and that Mr. Cahalan was entitled to hold and exercise the Office of Racing Commissioner from September 1, 1985, for the remainder of the term expiring on December 31, 1988. The motion to consolidate was denied as moot. Mr. Ballenger then sought leave to appeal to the Supreme Court which, in an order issued on September 13, 1985, concerning both docket cases, granted Mr. Ballenger's motion for immediate consideration and, in lieu of granting leave to appeal, vacated the September 9, 1985, orders of the Court of Appeals and remanded the cases to the Court of Appeals with directions that the Court of Appeals shall, not later than September 23, 1985, issue an opinion or opinions, explaining its decisions in these cases. The Supreme Court also directed that, following the issuance of such opinion or opinions, the Court of Appeals shall enter such order or judgments as are appropriate. The motions for injunctive relief and for consolidation were denied as moot and the Supreme Court did not retain jurisdiction. 422 Mich 965 (1985). On remand, Docket No. 87057 became No. 87455 and Docket No. 87190 became No. 87456. *Held:*

1. In Docket No. 87455, the complaint for quo warranto is dismissed for lack of standing, the motion to consolidate is denied as moot, the motion for immediate consideration is granted and the motion for oral argument is denied. In Docket No. 87456, the complaint for quo warranto is granted, the motion to consolidate is denied as moot, the motion for immediate consideration is granted and the motion for oral argument is denied.

2. The complaint for quo warranto filed by Mr. Ballenger was dismissed for lack of standing since the Attorney General is the proper party to commence an action for quo warranto under

the circumstances of this case. A private citizen, even one claiming title to a contested office, has no standing to bring such an action until a proper request to bring such an action has been made to the Attorney General and he has refused to do so.

3. Former Racing Commissioner Van Tiem was serving in that office on December 18, 1980, the effective date of 1980 PA 327. By operation of law, Mr. Van Tiem's term became a fixed term on December 18, 1980, with an expiration date of December 31, 1984. When Mr. Van Tiem died on August 12, 1982, the authority of the Governor to fill the vacancy was limited to an appointment for the remainder of Mr. Van Tiem's term, which was until December 31, 1984. As the individual appointed by the Governor to fill the vacancy resulting from the death of Mr. Van Tiem, Mr. Ballenger may only serve for the remainder of the unexpired term of his predecessor. Mr. Ballenger's term expired December 31, 1984.

4. Peremptory relief of ouster on the Attorney General's complaint was granted since Mr. Ballenger is not entitled to the Office of Racing Commissioner subsequent to August 31, 1985. Mr. Cahalan is of right entitled to hold and exercise said office from and after September 1, 1985, for the term expiring December 31, 1988.

1. QUO WARRANTO — STANDING.

    A private citizen, even one claiming title to a contested office, has no standing to commence an action for quo warranto until a proper request has been made to the Attorney General to have the Attorney General bring such an action and the Attorney General has refused to bring the action (MCL 600.4501; MSA 27A.4501; MCR 3.306).

2. PUBLIC OFFICERS — RACING COMMISSIONER — TERM OF OFFICE.

    A Racing Commissioner who is appointed after December 18, 1980, shall be appointed for a four-year term; the term of the Racing Commissioner who was serving on December 18, 1980, expires on December 31, 1984; the term of the Racing Commissioner who was appointed to fill the vacancy created upon the August 12, 1982, death of the Racing Commissioner who was serving on December 18, 1980, expires on December 31, 1984 (MCL 201.31, 431.63[1]; MSA 6.711, 18.966[33][1]).

3. PUBLIC OFFICERS — STATE OFFICERS — VACANCIES IN OFFICES.

    The Governor shall fill any vacancy which shall occur in any elective office or appointive state office, other than the Office of Senator or Representative in the State Legislature or Represen-

tative or Senator in Congress or a judge of a court of record, by appointment for the remainder of the unexpired term of such office (MCL 201.31; MSA 6.711).

4. STATUTES — JUDICIAL CONSTRUCTION.

The fundamental goal of statutory construction is to identify and give effect to the intent of the Legislature; because legislative intent has primacy, the spirit and purpose of the statute should prevail over its strict letter; statutes must be read in their entirety and, if possible, all sections are to be harmonized to create a consistent whole.

5. PUBLIC OFFICERS — RACING COMMISSIONER — TERM OF OFFICE.

A Racing Commissioner who assumed his office on November 17, 1980, and was paid a state salary for performing the duties of the office commencing on that date and continuing until his death on August 12, 1982, was "serving" in the Office of Racing Commissioner on December 18, 1980, despite the fact that the full 60-session-day period for disapproval of such appointment by the Senate had not expired on December 18, 1980.

*Foster, Swift, Collins & Coey, P.C. (by Theodore W. Swift, Thomas A. Baird* and *William F. Young),* for William S. Ballenger.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas L. Casey* and *James L. Stropkai,* Assistants Attorney General, for William L. Cahalan, Governor James J. Blanchard and Attorney General Frank J. Kelley.

Before: R. B. BURNS, P.J., and D. F. WALSH and MACKENZIE, JJ.

PER CURIAM. On September 24, 1982, Governor Milliken appointed William S. Ballenger, III, Racing Commissioner "for a four-year term beginning September 24, 1982 and expiring September 23, 1986". In 1984, Governor James J. Blanchard requested from the Attorney General an opinion as to when Mr. Ballenger's term as Racing Commissioner expired. The Attorney General, in Opinion No. 6257 issued on November 21, 1984, concluded

that the term of office would expire on December 31, 1984.

On August 26, 1985, Governor Blanchard appointed William L. Cahalan Racing Commissioner for a term beginning September 1, 1985, and ending December 31, 1988. On August 27, 1985, Mr. Ballenger requested that the Attorney General file a complaint for quo warranto in this Court to determine who was the rightful occupant of the Office of Racing Commissioner after September 1, 1985. Without waiting for a response from the Attorney General, Mr. Ballenger at the same time filed in this Court a complaint for quo warranto naming as defendants the Governor of the State of Michigan and William L. Cahalan. He also filed a motion for a preliminary injunction, to enjoin Mr. Cahalan from taking office, and a motion for immediate consideration. The Attorney General filed answers in opposition to the complaint and motions. This complaint was docketed as No. 87057.

On September 3, 1985, the Attorney General filed a complaint for quo warranto and a motion for immediate consideration, naming Mr. Ballenger as a party defendant. That complaint was docketed as No. 87190. Mr. Ballenger filed answers in opposition to the complaint and motion and filed a motion to consolidate the two cases. On September 9, 1985, this Court issued an order in Docket No. 87057 which granted immediate consideration, dismissed the complaint for quo warranto for lack of standing and denied the motion for a preliminary injunction. On the same date, the Court issued an order in Docket No. 87190, granting immediate consideration and, by peremptory order, granting the complaint for quo warranto, holding that Mr. Ballenger's term of office as Racing Commissioner expired on December 31, 1984, and that Mr. Cahalan was entitled to hold

and exercise the Office of Racing Commissioner from September 1, 1985, for the remainder of the term expiring December 31, 1988. The motion to consolidate was denied as moot.

On September 13, 1985, the Supreme Court issued the following order, concerning both docket cases:

"On order of the Court, the motion for immediate consideration is considered, and it is GRANTED. The application for leave to appeal is also considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we VACATE the September 9, 1985, orders of the Court of Appeals and we REMAND these cases to the Court of Appeals. On remand, the Court of Appeals shall, not later than September 23, 1985, issue an opinion or opinions explaining its decisions in these cases. Following issuance of such opinion or opinions, the Court of Appeals shall enter such order or judgments as are appropriate. The motions for injunctive relief and for consolidation are DENIED as moot.

"We do not retain jurisdiction."

On remand, Mr. Ballenger again moved to consolidate the two cases and requested oral argument. We consider that the schedule imposed by the remand order does not require or provide time for further briefing or oral argument, and the request for oral argument is denied. The motion to consolidate is denied as moot. We will explain our prior decisions in these two cases in order.

The complaint for quo warranto filed by Mr. Ballenger was filed before the Attorney General was given an opportunity to file, or to refuse to file, such a complaint. The statute, MCL 600.4501; MSA 27A.4501, provides:

"The attorney general shall bring an action for quo warranto when the facts clearly warrant the bringing of that action. *If the attorney general receives informa-*

*tion from a private party and refuses to act, that private party may bring the action upon leave of court."* (Emphasis added.)

MCR 3.306 provides:

"(A) Jurisdiction.

"(1) An action for quo warranto against a person who usurps, intrudes into, or unlawfully holds or exercises a state office, or against a state officer who does or suffers an act that by law works a forfeiture of the office, must be brought in the Court of Appeals.

\* \* \*

"(B) Parties.

"(1) *Actions by Attorney General. An action for quo warranto is to be brought by the Attorney General when the action is against:*

"(a) *a person specified in subrule (A)(1);*

"(b) a person who usurps, intrudes into, or wrongfully holds or exercises an office in a public corporation created by this state's authority;

"(c) an association, or number of persons, acting as a corporation in Michigan without being legally incorporated;

"(d) a corporation that is in violation of a provision of the act or acts creating, offering, or renewing the corporation;

"(e) a corporation that has violated the provisions of a law under which the corporation forfeits its charter by misuse;

"(f) a corporation that has forfeited its privileges and franchises by nonuse;

"(g) a corporation that has committed or omitted acts that amount to a surrender of its corporate rights, privileges, and franchises, or has exercised a franchise or privilege not conferred on it by law.

"(2) *Actions by Prosecutor or Citizen.* Other actions for quo warranto may be brought by the prosecuting attorney of the proper county, without leave of court, or by a citizen of the county by special leave of the court.

"(3) *Application to Attorney General.*

"(a) A person may apply to the Attorney General to have the Attorney General bring an action specified in subrule (B)(1). The Attorney General may require the person to give security to indemnify the state against all costs and expenses of the action. The person making the application, and any other person having the proper interest, may be joined as parties plaintiff.

"(b) *If, on proper application and offer of security, the Attorney General refuses to bring the action, the person may apply to the appropriate court for leave to bring the action himself or herself.*" (Emphasis added.)

We find that under these provisions the Attorney General is the proper party to commence an action for quo warranto in these circumstances. A private citizen, even one claiming title to the contested office, has no standing until a proper request has been made to the Attorney General and he has refused. *Grand Rapids v Harper,* 32 Mich App 324, 329; 188 NW2d 668, *lv den* 385 Mich 761 (1971); *Oleksy v Sisters of Mercy of Lansing, Michigan,* 74 Mich App 374, 380-381; 253 NW2d 772 (1977), and 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Rule 715, p 237. We believe that the clear intent of this requirement is to give the Attorney General control of the litigation. *People ex rel Chapman v Pratt,* 14 Mich 332 (1866), and *People ex rel Crawford v Molitor,* 23 Mich 340 (1871).

The Attorney General, after being requested to do so, has filed a complaint for quo warranto. The complaint for quo warranto filed by Mr. Ballenger is dismissed for lack of standing. MCR 3.306.

We granted peremptory relief of ouster on the Attorney General's complaint for the following reasons.

MCL 431.33; MSA 18.966(3), prior to December 18, 1980, provided in part:

"The commissioner shall be appointed by and hold office at the pleasure of the governor subject to the advice and consent of the senate."

That statute was repealed and replaced by MCL 431.63(1); MSA 18.966(33)(1), which provides:

"The racing commissioner shall be appointed by the governor by and with the advice and consent of the senate for a term of 4 years, except that the term of a racing commissioner appointed by the governor under former Act No. 27 of the Public Acts of 1959, with the advice and consent of the senate serving at the effective date of this act shall expire December 31, 1984."

MCL 201.31; MSA 6.711 provides:

"Whenever a vacancy shall occur in any elective or appointive state office, other than the office of senator or representative in the state legislature or representative or senator in congress or a judge of a court of record, the governor shall fill such vacancy by appointment for the remainder of the unexpired term of such office."

This case concerns the interplay of these three statutory sections. Frederick S. Van Tiem was appointed Racing Commissioner on October 13, 1980, for a period of time to begin November 17, 1980. He filed his oath of office on October 17, 1980, and the Governor sent a message to the Senate announcing the appointment, made subject to the advice and consent of the Senate. He served as commissioner from November 17, 1980, until he died August 12, 1982.

On September 24, 1982, then Governor Milliken appointed William S. Ballenger, III, Racing Commissioner "for a four-year term beginning September 24, 1982 and expiring September 23, 1986".

In 1984, Governor James J. Blanchard requested

from the Attorney General an opinion as to when Ballenger's term expired. On November 21, 1984, in Opinion No. 6257, Attorney General Kelley offered the opinion that the term of office expired on December 31, 1984. His opinion reads, in part, as follows:

"The primary rule of statutory construction is to ascertain and give effect to the intent of the Legislature. *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 400 Mich 184, 187; 253 NW2d 646, 648, *reh den* 400 Mich 1029 (1977). Where a statute is plain in its terms, a common sense reading of the statute suffices. *Karl v Bryant Air Conditioning Co,* 416 Mich 558, 567; 331 NW2d 456, 461 (1982). Such a reading of 1980 PA 327, § 3(1), [MCL 431.63(1)] *supra,* reveals that the racing commissioner shall be appointed by the Governor by and with the consent of the Senate for a four-year term. The authority of the Legislature to fix the term of four years for such statutory office is not open to question. *Attorney General, ex rel Dust v Oakman,* 126 Mich 717, 720; 86 NW 151, 152 (1901). The Legislature also provided that the term of the racing commissioner appointed by the Governor by and with the advice and consent of the Senate under 1959 PA 27 serving on the effective date of 1980 PA 327, *supra,* would expire on December 31, 1984.

"Mr. Frederick S. Van Tiem was appointed to the office of racing commissioner on October 13, 1980, for a term of office at the pleasure of the Governor to commence on November 17, 1980. 2 SJ 2710 (1980). Mr. Van Tiem filed his oath of office on October 17, 1980. The message to the Senate containing notice of the appointment stated that the appointment was made subject to the advice and consent of the Senate. The records of the Department of Agriculture, in which the office of racing commissioner was transferred by a Type I transfer by 1965 PA 380, § 184; MCL 16.284; MSA 3.29(184), indicate that Racing Commissioner Van Tiem was paid a state salary for that office commencing November 17, 1980, through August 12, 1982, the date of his death. Thus, Racing Commissioner Van Tiem was

serving in that office on December 18, 1980, the effective date of 1980 PA 327, *supra.*

"Although the full 60-session day period for disapproval by the Senate in the exercise of its advice and consent authority to the Van Tiem appointment pursuant to Const 1963, art 5, § 6 had not expired, Mr. Van Tiem assumed his office on November 17, 1980 and was the lawful occupant of that office on December 18, 1980. OAG, 1965-1966, No 4531, pp 393, 411 (December 27, 1966), construed Const 1963, art 5, § 6 to permit a person appointed to a state office subject to advice and consent of the Senate to enter immediately upon his or her duties of the office upon taking the requisite oath. It follows that Racing Commissioner Van Tiem was *serving* in that office on December 18, 1980. OAG, 1983-1984, No 6120, p 7 (January 13, 1983).

"By operation of law, the term of Racing Commissioner Van Tiem became a fixed term on December 18, 1980, with an expiration date of December 31, 1984.

"Upon the death of Racing Commissioner Van Tiem, a vacancy was created in such office. The manner of filling vacancies in state elective and appointive offices is prescribed by 1923 PA 199, § 1, MCL 201.31; MSA 6.711, which provides:

" 'Whenever a vacancy shall occur in any elective or appointive state office, other than the office of senator or representative in the state legislature or representative or senator in congress or a judge of a court of record, the governor shall fill such vacancy by appointment for the remainder of the unexpired term of such office.'

"The appointed position of racing commissioner is created by statute. As such, the racing commissioner is a public officer of the state. *People v Freedland,* 308 Mich 449; 14 NW2d 62 (1944); *People v Leve,* 309 Mich 557; 16 NW2d 72 (1944). Thus, 1923 PA 199, § 1, *supra,* applies when a vacancy occurs in the office of racing commissioner. When a vacancy in such office occurs, the Governor, pursuant to legislative mandate, 'shall fill the vacancy by appointment for the remainder of the unexpired term of such office.'

"It is noted that when the word 'shall' is used in a command to a public official, it excludes the idea of

discretion. *People v De La Mater,* 213 Mich 167, 171; 182 NW 57 (1921); *Ladies of the Maccabees v Comm'r of Ins,* 235 Mich 459, 465; 209 NW 581 (1926).

"While the appointment of Racing Commissioner William S. Ballenger recited that it was for a term expiring September 23, 1986, the authority of the Governor to fill the vacancy with an unexpired term was limited by 1923 PA 199, § 1, *supra,* to the appointment for the unexpired term of such office, which was December 31, 1984. As the individual appointed by the Governor to fill the vacancy in the office of racing commissioner resulting from the death of Mr. Van Tiem, Mr. Ballenger may only serve for the remainder of the unexpired term of his predecessor.

"It is my opinion, therefore, that Racing Commissioner William S. Ballenger's present term as racing commissioner expires December 31, 1984." (Emphasis in original.)

We agree with the Attorney General's reasoning. "The fundamental goal of statutory construction is to identify and give effect to the intent of the Legislature. *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 400 Mich 184; 253 NW2d 646 (1977)." *Spears v City of Hazel Park,* 131 Mich App 457, 461; 346 NW2d 340 (1984).

"Because legislative intent has primacy, the spirit and purpose of the statute should prevail over its strict letter. *Nash v Detroit Automobile Inter-Ins Exchange,* 120 Mich App 568, 571; 327 NW2d 521 (1982), *lv den* 417 Mich 1088 (1983)." *Spears v City of Hazel Park, supra,* p 462.

"Statutes must be read in their entirety and, if possible, all sections are to be harmonized to create a consistent whole. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956); *Bannan v Saginaw,* 120 Mich App 307; 328 NW2d 35 (1982)." *Spears v City of Hazel Park, supra,* p 463.

If the current statutory sections and the repealed section are considered together with the legislative history of the sections, the intent of the Legislature becomes clear. The intent was to give the Office of Racing Commissioner a regular term of four years, beginning January 1, 1985, and for each four years thereafter. The incumbent Van Tiem was given special treatment in that his term would run to December 31, 1984.

The section, MCL 431.63(1); MSA 18.966(33)(1), does not speak to the problem of what would happen if Van Tiem were unable for any reason to complete his term. That question is answered by MCL 201.31; MSA 6.711. Such an appointment is for the remainder of the term. Thus Commissioner Cahalan will serve his term only to December 31, 1988.

We reject the argument of defendant Ballenger that Racing Commissioner Van Tiem was not "serving" in that office on December 18, 1980, the effective date of 1980 PA 327, because the 60-day period within which the Senate could take action to accept or reject his appointment had not yet expired. Commissioner Van Tiem assumed the office on November 17, 1980, and was paid a state salary for performing the duties of the office commencing on that date. We conclude that he was "serving" in the Office of Racing Commissioner on December 18, 1980.

For these reasons we rule that defendant William S. Ballenger is not entitled to the Office of Racing Commissioner subsequent to August 31, 1985, that his term of office expired on December 31, 1984, and that William L. Cahalan is of right entitled to hold and exercise said offfice from and after September 1, 1985, for the term expiring December 31, 1988.

No costs; a public question was presented.